

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ANTONIO RENALDO WALLACE,

    Petitioner,

v.                                CRIMINAL ACTION NO. 4:17-cr-29
                                  CIVIL ACTION NO. 4:19-cv-12

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Antonio Renaldo Wallace's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255 ("2255 Motion"). Having reviewed the motion and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(b). For the reasons set forth below, Petitioner's 2255 Motion is **DENIED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

Petitioner was first named in an indictment on March 15, 2017. ECF No. 1. On April 12, 2017, Petitioner was named in a six-count superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841, 846 (Count 1); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841 (Count 5); and Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. 922(g)(1) (Count 6). ECF No. 37. The Indictment alleged that between June 2016 and March 2017, Petitioner was part of a drug distribution ring responsible for more than 500 grams of cocaine. *Id*. Additionally, the Indictment alleged that on January 31, 2017, Petitioner possessed and intended to distribute

1

more than 500 grams of cocaine, and possessed a firearm after being convicted of a felony. *Id.* On January 13, 2018, Petitioner pled to Count 1 of the superseding Indictment. ECF Nos. 104–107. On May 8, 2018, this Court accepted Petitioner's guilty plea and sentenced him to a term of 162 months of imprisonment. ECF No. 143.

On February 1, 2019, Petitioner submitted his initial 2255 Motion, which was defective. ECF No. 145. On February 21, 2019, this Court issued an order granting Petitioner 30 days to submit a properly filed 2255 Motion. ECF No. 148. On April 12, 2019 and May 7, 2019, Petitioner wrote the Court to detail his difficulties with filing his 2255 Motion. ECF Nos. 149, 150. On May 20, 2019, Petitioner submitted another defective 2255 Motion. ECF No. 151. On May 23, 2019, this Court issued an order allowing Petitioner 30 more days to resubmit his 2255 Motion. ECF No. 152. On June 10, 2019, Petitioner submitted the instant 2255 Motion. ECF No. 155. On August 8, 2019, the Government submitted a response in opposition to Petitioner's 2255 Motion. ECF No. 159. On September 3, 2019, Petitioner submitted a reply to the Government's response. ECF No. 160.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he/she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [their] actual and substantial disadvantage, infecting [their] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### B. The Commerce Power and 21 U.S.C. § 841

Congress has the power under the Commerce Clause to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce. *Wickard v. Filburn*, 317 U.S. 111, 128–29. Congress may regulate local activities if it concludes that failure to regulate that class of activity would undercut the regulation of the interstate market in that commodity. *Gonzalez v. Raich*, 545 U.S. 1, 18 (2005). Further, the Supreme Court's rulings in *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000) regarding noneconomic activities beyond the scope of the Commerce Power do not limit congressional authority to regulate local drug manufacturing,

possession, and distribution. *Id.* In sum, congressional regulation of local economic activities through the Controlled Substances Act and 21 U.S.C. § 841 are a valid exercise of the Commerce Power. *Id.*

**C. Grand Jury Errors**

Federal Rule of Criminal Procedure 12 provides that an error in the grand jury proceeding must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. Fed. R. Crim. P. 12(b)(3)(A).

**D. Ineffective Assistance of Counsel**

1. *Attachment of the Right to Counsel*

The right to counsel granted by the Sixth Amendment means that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against them whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. *Brewer v. Williams*, 430 U.S. 387, 398 (1977). In order for a defendant to invoke their right to counsel, there must be some event where the defendant can request counsel, which is often the initial appearance. While an initial appearance triggers the right to counsel, that does not mean a defendant has the right to counsel at the initial appearance itself. *Walker v. United States*, No. 4:95cr37-3, 2014 WL 4388253, at *3 (E.D. Va. Sept. 4, 2014) (citing *Rothgery v. Gillespie Cty.*, 544 U.S. 191 (2008)).

2. *The Strickland Test*

Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493. A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined

the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The standard for ineffective appellate counsel mirrors the standard for ineffective trial counsel under *Strickland*. *See Lawrence v. Branker*, 517 F.3d 700, 708 (4th Cir. 2008). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient ("performance prong"). *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* In order to demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. *Id.* at 691. Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. *Id.* at 690–91. The presumption of reasonableness is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense ("prejudice prong"). *Id.* at 687. In other words, counsel's errors must have been so serious that the

petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

When a defendant challenges a conviction after a guilty plea, he or she must show that, but for counsel's errors, there would have been no guilty plea and the defendant would have insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1998) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he or she makes under oath during a plea colloquy regarding counsel. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977)). Acceptance of a favorable plea bargain may be evidence of the voluntary and intelligent nature of the plea. *Fields*, 956 F.2d at 1299.

### III. DISCUSSION

In the instant 2255 Motion, Petitioner contends (1) the criminal judgment against him supported by 21 U.S.C. § 841 is unconstitutional; (2) his conviction was obtained through the action of a grand jury that was unconstitutionally selected and impaneled; (3) he was denied effective assistance of counsel; and (4) the government does not have the power to criminalize his admitted conduct.

6

### A. The Constitutionality of the Statutes of Petitioner's Conviction

Given their interrelated nature, Grounds 1 and 4 of Petitioner's 2255 Motion will be addressed together. The essence of Petitioner's argument is that his conduct is beyond the reach of federal authorities and that he did not have fair notice that his actions were against the laws of the United States. Contrary to Petitioner's contentions, the ability of the federal government to criminalize the manufacture, possession, and distribution of cocaine has long been accepted in our constitutional order. *See Gonzalez v. Raich*, 545 U.S. 1 (2005) (holding that the federal government may regulate controlled substances as commodities, even as applied to individuals who are not selling on the interstate market). Further, Petitioner's reliance on *Lopez* and *Morrison* are of no assistance to him, as each of those decisions limiting the federal Commerce Power involved noneconomic activities. Here, Petitioner pled to conspiracy to distribute cocaine, a commodity properly regulated by the Controlled Substances Act under the Commerce Power. Quite simply, federal authorities had the power to criminalize Petitioner's possession of cocaine as an illicit commodity even before his admission that he was in a conspiracy to sell it, whether it was across state lines or not. Therefore, Grounds 1 and 4 of Petitioner's 2255 Motion are without merit.

### B. Timeliness of Raising Grand Jury Objections

Next, Petitioner contends that the grand jury that indicted him was unlawfully drawn. However, this argument should have been made on pretrial motion, as an allegation regarding a defect in instituting the prosecution must be made before trial. Further, by his own admission, Petitioner cannot demonstrate actual innocence, which is necessary to revive this procedurally defaulted claim. Therefore, Petitioner's contention regarding the grand jury is untimely and Ground 3 of the instant 2255 Motion is without merit.

### C. Petitioner's Ineffective Assistance of Counsel Claims

The Court interprets Petitioner's 2255 Motion to raise two potential grounds for ineffective assistance: (1) the timing of his appointment of counsel; and (2) the quality of his counsel's representation.

#### 1. *Attachment of the Right to Counsel*

Petitioner's first contention about the timing of his appointment of counsel is plainly without merit. While it is true that his initial appearance on March 20, 2017 triggered his right to counsel, it was also at that hearing where he was advised of that right and stated that he wished to have counsel. ECF No. 13. After his initial appearance, Petitioner was represented at all subsequent proceedings beginning with his arraignment on March 23, 2017. ECF No. 21. Therefore, this aspect of Petitioner's ineffective assistance of counsel claim is without merit.

#### 2. *Performance of Petitioner's Appointed Counsel*

Petitioner contends that his plea was coerced by his counsel and was not made "knowingly, voluntarily, and intelligently [sic]." During his plea colloquy with the Magistrate Judge, Petitioner was fully advised of his rights, the charges against him and their maximum penalties, and acknowledged that he understood. ECF No. 104, Sentencing Transcript at 3. Further, Petitioner indicated that his plea was voluntary and represented to the Magistrate Judge that there were no threats or promises regarding the plea and that he was satisfied with his counsel. ECF No. 104, Sentencing Transcript at 2. Petitioner is bound by his representations to the Magistrate Judge and the Court, absent clear and convincing evidence demonstrating the deficiencies in his counsel's representation. *See Fields*, 956 F.2d at 1299. As an initial matter, the Court is unable to find any factual contention that could demonstrate Petitioner's counsel coerced Petitioner into accepting his plea or that Petitioner did not understand the charge that

was the subject of his guilty plea. Therefore, Petitioner is bound by his representation to the Magistrate Judge that his plea was made knowingly and voluntarily.

Petitioner also contends that his counsel did not explain the potential sentencing consequences of his plea. However, the Plea Agreement Petitioner signed advised him that he would face between 5 and 40 years imprisonment and reserved the right for him to object to the drug weight, which determined his sentencing guideline range above the 5 year mandatory minimum prescribed by the statute of conviction. *See* ECF No. 105 at ¶ 1, ECF No. 106 at ¶ 4. At sentencing, Petitioner's counsel made objections to the drug weight attributable to the Petitioner in an attempt to diminish the potential consequences of Petitioner's plea to Count 1. ECF No. 130, Sentencing Transcript at 3–16. Further, Petitioner's plea helped him avoid a potential finding of guilt on Counts 5 and 6, which would carry prison terms of 5 to 40 years and 0 to 10 years, respectively. In addition, Petitioner received three points off the calculation of his offense level for acceptance of responsibility in exchange for his guilty plea. *Id.* at 16. There is no evidence to contradict Petitioner's assertion that he understood his Plea Agreement at the hearing before the Magistrate Judge.

Importantly, Petitioner's own admissions to the Court were sufficient to sustain a finding of guilt on Count 1. *See* ECF No. 134-2 (Petitioner admitted to receiving drugs from his supplier for 2–3 years and once received an entire kilogram at one time). Moreover, Petitioner was not entitled to a promise from either his counsel or the U.S. Attorney on a precise sentence, though the Court ultimately sentenced Petitioner to a term below his guideline range. Sentencing Transcript at 33–34 (the Court found the advisory guidelines to be 188 to 235 months, but sentenced Petitioner to 162 months). In sum, the Court cannot find any evidence that the

deficient performance of Petitioner's counsel led him to plead guilty, given his representations to the Magistrate Judge and the Court.

Finally, Petitioner seems to contend that his counsel should have challenged the validity of the warrant which led to his arrest. However, Petitioner does not provide any legitimate reason why the warrant should have been challenged as invalid. Therefore, this ineffective assistance of counsel claim fails.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's 2255 Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims clearly contradict the record, are not based in any cognizable understanding of the law, or are wholly irrelevant to his case. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written

notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Newport News, Virginia
October 22, 2019

Raymond A. Jackson
**United States District Judge**