IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ANTONIO R. WALLACE,

    Petitioner,

v.                            CRIMINAL ACTION NO. 4:17-cr-29(2)

UNITED STATES OF AMERICA,

    Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Antonio R. Wallace's ("Petitioner") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step Act"). ECF Nos. 207, 208 ("Pet'r's Mot."). Petitioner filed a Supplemental Memorandum in Support of Motion for Compassionate Release. ECF No. 246 ("Pet'r's Supp. Mem."). The Government opposed the motion. ECF No. 252 ("Supp. Resp. Opp'n."). Petitioner replied. ECF No. 264 ("Pet'r's Supp. Reply"). This matter is now ripe for judicial determination. For the reasons stated herein, Petitioner's motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On April 12, 2017, Petitioner was named in a three-count indictment, which charged him with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and b(1)B (Count One); Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(Count Five); Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Six). ECF No. 37. On January 3, 2018, Petitioner pled guilty to Count One. ECF No. 104. On May 9, 2018, the Court sentenced Petitioner to 162 months imprisonment followed

by five years of supervised release. ECF No. 143.

On February 3, 2023, Petitioner filed his Motion for Compassionate Release and Memorandum in Support through counsel. Pet'r's Mot. On March 8, 2023, the Government filed its response in opposition. ECF No. 215 ("Resp. Opp."). On March 20, 2023, Petitioner filed his reply to the Government's response. ECF No. 218 ("Pet'r's Reply"). On September 12, 2023, the Court issued a Memorandum Opinion and Order denying Petitioner's Motion for Compassionate Release. ECF No. 226. On January 2, 2025, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") vacated this Court's Order denying Petitioner's Motion for Compassionate release and remanded the case to consider the motion under the United States Sentencing Commission's amended guidelines. ECF Nos. 238, 239. On June 26, 2025, Petitioner filed a Supplemental Memorandum in Support of Motion for Compassionate Release. Pet'r's Supp. Mem. On August 16, 2025, the Government filed its Supplemental Response in Opposition. Supp. Resp. Opp'n. On August 29, 2025, Petitioner filed a Supplemental Reply. Pet'r's Supp. Reply. Accordingly, this matter is ripe for judicial determination.

## II.   LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the BOP bring a motion on their behalf: (1) exhaust administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021)

("§3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[ ] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[ ] all administrative rights to appeal the Bureau's decision or wait[ ] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied). Moreover, the threshold requirement is a non-jurisdictional claim processing rule and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### B. The Compassionate Release Standard

As amended by the First Step Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the First Step Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1b1.13, cmt. 1(A)-(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at cmt. 1(D). Use of

3

the "catch-all provision" prior to the First Step Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the First Step Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) ("[W]here the [Sentencing] Commission fails to act, then courts make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with statutory language."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. §994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). Ultimately, compassionate release motions "ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022).

### III. DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner satisfied the threshold requirement. The Government does not contest such. *See* Resp. Opp. at 7; Supp. Resp. Opp'n at 6. On April 11, 2020, Petitioner submitted a Request for Compassionate Release to the Warden. Pet'r's Mot. at Ex. D. On May 1, 2020, the Warden denied Petitioner's second request. *Id.* On July 5, 2020, Petitioner appealed his Request for Compassionate Release to the Mid-Atlantic Regional Office. *Id.* On June 4, 2021, the Central Office of the Federal Bureau of Prisons denied Petitioner's last appeal. *Id.*

Accordingly, on February 3, 2023, Petitioner filed his motion through counsel. Pet'r's Mot. Thus, more than 30 days passed since Petitioner filed his request.

### B. Petitioner's Compassionate Release Request

The Court now addresses whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence. Petitioner argues that compassionate release is warranted because (1) he is not receiving the medical treatment he believes is necessary to treat his medical conditions and (2) the sentencing factors under 18 U.S.C. § 3553(a) support compassionate release.

#### 1. Medical Conditions

Petitioner first argues that his medical conditions and need for specialized care, which is not provided by the BOP facility, warrants compassionate release under the Sentencing Commission's amended policy statement. Under U.S.S.G. § 1B1.13(b)(1)(C) (2023), compassionate release may be appropriate if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not provided and without which the defendant is at risk of serious deterioration in health or death."

Petitioner has not proven that he is suffering from a medical condition that requires specialized medical care. Petitioner asserts that he needs a specialized diagnostic in the form of an echocardiogram because he exhibits "symptoms consistent with potential Long Covid." Pet'r's Supp. Mot. at 12. In support of his motion, Petitioner proffers a declaration from Dr. Rasika Karnik. Pet'r's Mot. Ex. A ("Karnik Decl."). Upon reviewing Petitioner's medical records, Dr. Karnik states that Petitioner exhibits several symptoms that are consistent with Long Covid. Karnik Decl. ¶ 6. Dr. Karnik recommends that Petitioner should receive "an echocardiogram of his heart to evaluate for structural and functional defects." *Id.* at 7. However, Dr. Karnik concedes that because Petitioner has several confounding medical problems, she "cannot definitively state

that Mr. Wallace's symptoms are the result of his infection by SARS-CoV-2." Karnik Decl. ¶ 6. The Court finds that Dr. Karnik's recommendation based on a review of Petitioner's medical records is insufficient to establish that Petitioner suffers from a medical condition that requires specialized medical care. The Court leaves to the BOP the decision of whether Petitioner's symptoms warrant an echocardiogram, because BOP physicians are in the best position to make that determination. It is only after a medical diagnosis establishing that Petitioner is suffering from a medical condition that requires specialized medical care, that the Court can determine whether such care is not provided by the BOP and without which the defendant is at risk of serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1)(C). Accordingly, Petitioner's medical conditions do not present an extraordinary and compelling reason for his compassionate release.

### 2. 18 U.S.C. § 3553(a) Factors and Rehabilitation

Moreover, even if Petitioner had articulated sufficient "extraordinary and compelling" medical conditions to satisfy the requirements of the amended guidelines, the 18 U.S.C. § 3553(a) factors do not support a reduced sentence. Petitioner argues that his rehabilitation and the § 3553 factors provide "extraordinary and compelling reasons" warranting compassionate release. Pet'r's Supp. Mem. at 19. The seriousness of Petitioner's conduct for his possession with intent to distribute a controlled substance and carrying two firearms remains unchanged. Petitioner has a lengthy criminal history involving drug possession and possessing a firearm as a felon. PSR ¶¶ 34-45. Petitioner committed the instant offense while under a criminal justice sentence for a Virginia state law crime. PSR ¶ 47. Additionally, Petitioner has had three disciplinary incidents while in BOP custody. Pet'r's Supp. Mem. at 20 n. 39. This trend cuts against Petitioner's argument that he is considered a "low" recidivism risk by the BOP. *Id.* at 20.

6

The Court has considered Petitioner's post-sentencing conduct and rehabilitative efforts. *See Concepcion v. United States*, 597 U.S. 481, 496 (2022) ("The text of the First Step Act does not so much as hint that district courts are prohibited from considering evidence of rehabilitation, disciplinary infractions, or unrelated Guidelines changes."). To Petitioner's credit, he has taken advantage of the programs provided by the BOP by obtaining his GED, completing a Housekeeping Apprenticeship Program, and participating in rehabilitative courses. *Id.* at 21-22. However, as noted by sister courts, a "defendant's rehabilitation alone proves insufficient to warrant a sentence reduction." *See United States v. Woolridge*, No. 3:09-cr-156 (DJN), 2021 WL 415131, at *7 (E.D. Va. Feb. 5, 2021); *see also United States v. Ahmad*, No. 1:11-cr-554-TSE, ECF No. 75 (E.D. Va. Apr. 8, 2021) (finding that the defendant's coursework did not support compassionate release, reasoning that "[i]t is not uncommon for a defendant to take educational classes to pass the time in prison"). The Court encourages Petitioner to continue this positive trajectory and commends Petitioner for his achievements during incarceration, but "[the achievements] do not outweigh the Court's findings as to other factors." *Woolridge*, 2021 WL 415131, at *7.

Petitioner revised his release plan. Now Petitioner has arranged to live with the mother of his three children in Emporia, Virginia. Pet'r's Supp. Mem. at 23. While Petitioner argues that he will be able to receive medical care more effectively and articulates a release plan, the plan does not adequately protect the public or protect against recidivism.

Therefore, the Court originally imposed a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. In balancing the applicable § 3553(a) factors, the Court concludes those factors weigh against Petitioner's release.

7

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Petitioner's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 207 is **Denied**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, and the United States Probation Office.

**IT IS SO ORDERED**.

Newport News, Virginia
December 18, 2025

Raymond A. Jackson
United States District Judge